# United States District Court

*Eastern District Of Wisconsin*
*Sitting in Equity Under Article III, Section 2, Clause 1 of the U.S. Constitution*

## Non-Statuatory Petition In Equity

### Petition for Specific Performance and Other Equitable Relief

From:
Cestui Que Trust Beneficiaries:
Nikol Snezana Gerou
Kenneth Roy Gerou

v.

Defendant:
Trustee/Attorney Titania Whitten
10425 W. North Ave, Suite 350
Wauwatosa, Wisconsin 53226

UNITED STATES COURTS
EASTERN DISTRICT OF WISCONSIN
FILED
OCT 16 2025
11:59 PM
AFTER HOURS

## Statement of Jurisdiction

This Court has original jurisdiction in equity under Article III, Section 2, Clause 1 of the United States Constitution. Petitioners invoke the equitable powers of this Court to compel the performance of a fiduciary duty arising under trust law, including a bond, an assignment, and a settlement agreement.

## Statement of Claim

On or about August 5, 2025, Petitioners, acting in good faith as equitable beneficiaries and cestui que trust, hand-delivered to the then-trustee Virginia George the following:

- A duly executed express trust instrument
- An intangible bond certificate as trust corpus
- A lawful assignment and appointment of trustee

These instruments were formally transferred to successor Trustee Titania Whitten upon the resignation of Virginia George. Additionally:

- Petitioners filed the assignment with the court.
- Petitioners emailed the settlement agreement and trust documentation to Trustee Whitten.
- Trustee Whitten has not denied, rebutted, or returned the documents, thereby constituting tacit and equitable acceptance.

To date, no performance has been made. The trustee has neither executed her duties nor taken any affirmative steps to administer the trust, manage the bond asset, or fulfill her fiduciary obligations.

## **Fiduciary Status and Attempts to Confirm Oath**

Petitioners have exercised due diligence to obtain a certified copy of Trustee Whitten's oath of office, which is required for any individual performing fiduciary functions under the authority of the United States.

- Petitioners personally appeared at the United States Bankruptcy Court and contacted the Office of the United States Trustee located therein.
- The office was closed due to the ongoing government shutdown, and Petitioners could not obtain assistance.
- Multiple follow-up phone calls to request a copy of the oath have gone unanswered.

Despite these efforts, Trustee Whitten has not denied her fiduciary capacity, nor has she disclaimed the trust assignment or settlement agreement. Her continued silence, combined with retention of trust assets, affirms that she has constructively accepted her duties under both private trust law and the public obligations tied to her professional oath.

Petitioners also note for the record that, in addition to her fiduciary obligations arising from the trust, Trustee Whitten is bound by a professional oath as an attorney-at-law to uphold and defend the Constitution of the United States. This constitutional duty applies to all acts taken in her official capacity and further reinforces the equitable obligation to perform under the trust instruments she has accepted.

## **Grounds for Equitable Relief**

Petitioners respectfully invoke the equitable jurisdiction of this Court on the following grounds:

- A valid and enforceable trust, settlement, and assignment exist.
- The original bond asset—a unique intangible trust corpus—is in the Trustee's possession.
- The obligations are definite, non-speculative, and clearly set forth.

- Petitioners lack adequate remedies at law, as the performance sought pertains to fiduciary duties and trust administration.
- Petitioners have performed their obligations in good faith.
- Trustee Whitten, by action and silence, is bound by fiduciary law and her constitutional oath, requiring performance.

## Equity and Constitutional Breach

Trustee Whitten's failure to perform is more than a private breach—it represents:

- A violation of her equitable duties
- A denial of the beneficiaries' equitable rights
- A constructive breach of her public oath under the U.S. Constitution
- A denial of due process in trust administration

Equity does not reward silence in the face of fiduciary responsibility. Her inaction results in irreparable harm, including lost trust administration, delay of relief, and failure of settlement execution.

Under the maxims of equity:

- *"Equity sees that as done which ought to be done."*
- *"Equity acts in personam."*
- *"Equity imputes an intent to fulfill an obligation."*
- *"Equity will not suffer a wrong to be without a remedy."*

## Relief Sought

Wherefore, Petitioners pray this Honorable Court:

1. Order Specific Performance, compelling Trustee Titania Whitten to:
   - Administer the trust and bond asset currently in her possession;
   - Execute all fiduciary duties arising under the assignment, trust instrument, and settlement agreement;
   - Fulfill the obligations owed to the beneficiaries in law and equity.
2. Declare that failure to perform constitutes a constructive breach of fiduciary obligation.
3. Issue Equitable Injunctive Relief, compelling Trustee Whitten to act or, if necessary, appoint a substitute trustee to preserve the integrity of the trust.
4. That this court of equity compel the defendant to perform as agreed upon their oaths to perform their duties of their office with fidelity as sworn under the constitution of the

United States and the respective constitution of their state to which they are sworn to uphold and to correct the abuse of discretion and breach of agreement in trust.

5. Award other equitable relief as deemed just and proper under the circumstances and principles of equity.

### Notice to the Court

This Petition is brought solely in equity under the Constitution of the United States. It does not invoke statutory procedure but relies entirely upon equitable jurisdiction, due to the failure of fiduciary performance, the nature of the trust assets, and the inadequacy of legal remedies.

Petitioners have fulfilled all lawful and equitable obligations and now seek the intervention of the Chancellor of this Court to prevent continuing injury, resolve a trust impasse, and preserve the integrity of the equitable estate.

### Unsworn Declaration

We, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Respectfully Submitted,

By Petitioners, as Cestui Que Trusts:

*[signatures]*

Nikol Snežana Gerou  &  Kenneth Roy Gerou

Dated: October 16, 2025

*[handwritten:]* Private Trust Available - Reserve Right to add ammend later as needed and under seal